IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CASEY GLYNN DOBBS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:19-CV-161-M-BR |
| § | |
| J. SMITH, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO REOPEN CASE**

Plaintiff CASEY GLYNN DOBBS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and was granted permission to proceed *in forma pauperis*. On September 23, 2019, the United States District Judge entered an order dismissing this lawsuit at the request of the plaintiff. (ECF 15). Plaintiff now seeks to reopen his case, in a motion filed 65 days after dismissal. (ECF 17). The undersigned recommends the motion be DENIED. As such, plaintiff's remaining motions (ECF 19–23, 25, 29), only relevant upon reopening the case, should likewise be DENIED.

I.
STANDARD

A motion to reopen a Federal Rule of Civil Procedure ("FRCP") 41(b) dismissal, also known as a voluntary dismissal by a plaintiff, is reviewed as a FRCP 60(b) motion. *See Eleby v. American Medical Systems, Inc.*, 795 F.2d 411, 412 (5th Cir. 1986). The courts have jurisdiction to vacate a voluntary dismissal under this rule. *Yesh Music v. Lakewood Church*, 727 F.3d 356,

359–63 (5th Cir. 2013). Therefore, the Court reviews plaintiff's motion to reopen under the standards set forth in FRCP 60(b).

"The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)). "[R]elief under Rule 60(b) is considered an extraordinary remedy." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). A court should be particularly hesitant to grant Rule 60(b) relief where the plaintiff seeks relief from his or her voluntary actions, even where those actions were based on a misapprehension of the law. *Id*. at 192–93. "Accordingly, federal courts have consistently … [refused] to grant a party who voluntarily requests dismissal of a claim … relief from that judgment under Rule 60(b)." *Id*. at 193.

Rule 60(b) provides that a court may relieve a party from a final judgment or order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). If a plaintiff does not articulate one of the first five grounds in his motion, the motion can be construed under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002).

Additionally, a motion to alter or amend a judgment must be filed within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Thus, the Court will not consider, and plaintiff does not

2

argue, any of the grounds for relief from judgment pursuant to the FRCP 59(e) standard, and such a motion would be untimely filed anyway.

## II.
## ANALYSIS

Rule 60(b)(6) is a "residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)). Its availability is "narrowly circumscribed," however, and "relief 'will be granted only if extraordinary circumstances are present.' " *Yesh Music*, 727 F.3d at 363 (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). "Rule 60(b) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.' " *Id.* (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993)).

Here, plaintiff has failed to allege any extraordinary circumstances warranting relief from judgment, and his motion should be DENIED. Plaintiff claims he moved to dismiss this lawsuit "in good faith" based on the premise that the Oldham County, Texas court would notify the Cherokee Nation Tribal Court of the proceedings taking place in Oldham County, involving custody of a minor child of plaintiff. Plaintiff, by his motion, also wants to change the "respondents" or defendants to his action. However, even if plaintiff was under a misapprehension that Oldham County would perform these actions on plaintiff's behalf in a separate state suit, this reasoning does not merit relief from the final judgment in this suit. The Court also notes that plaintiff has filed a new lawsuit in this division, case number 2:20-cv-28, listing the same defendants he wishes to substitute in this closed case. The claims in this new suit reflect the claims

plaintiff makes in his letter motion to reopen. Thus, the "extraordinary remedy" of reopening this case is unwarranted, as plaintiff has already refiled these claims in a separate suit.[1]

### III.
### FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Plaintiff filed his present lawsuit on July 30, 2019 (ECF 3).

2. On September 16, 2019, plaintiff filed a letter motion requesting dismissal of his lawsuit and copies of the docket sheet (ECF 14).

3. On September 23, 2019, the United States District Judge entered an Order Dismissing Case (ECF 15), pursuant to the plaintiff's request for voluntary dismissal.

4. On November 25, 2019, plaintiff filed a letter motion to reopen (ECF 17), the subject of these Findings and Conclusions.

5. On December 3, 2019, this motion was referred to the undersigned (ECF 18).

6. Plaintiff's letter motion to reopen does not articulate any of the grounds under FRCP 60(b) to merit reopening his case, and the Court construes his motion under FRCP 60(b)(6), the "catch-all" provision.

7. Plaintiff's other pending motions (ECF 19–23, 25, 29) all relate to matters dependent upon the reopening of this case.

8. Under the standards set forth in FRCP 60(b), the plaintiff does not merit relief from judgment.

### IV.
### RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States

---

[1] Additionally, this Court notes that the issues raised by plaintiff's complaint may have jurisdictional issues. As this case is already closed, and the Court determines that the motion to reopen is unwarranted, the Court declines to address these issues herein.

4

Magistrate Judge to the United States District Judge that the Motion to Reopen (ECF 17) filed by CASEY GLYNN DOBBS be DENIED. It is further RECOMMENDED that the remaining motions (ECF 19–23, 25, 29) be DENIED as moot.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on February 13, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).